## ANNIE TOWN v. H. T. GREEN, *et al.*

1. DISMISSAL OF ACTION, *Not Error.* In an action pending before a justice of the peace the justice dismissed the action without prejudice, at the plaintiff's costs, upon the theory that the action was not commenced or prosecuted by the plaintiff, or by any authority from her. *Held,* That under the evidence it cannot be said that the justice of the peace erred upon the facts of the case, or that he erred in dismissing the action.

2. COSTS, *Error in Taxing.* But *further held,* that, as the justice of the peace dismissed the action upon the theory that the action was not brought or prosecuted by the plaintiff, or by any authority from her, the justice erred in taxing the costs to her.

*Error from Leavenworth District Court.*

JANUARY 14, 1884, the defendants, *Green* and *Stanton,* recovered a judgment for costs against plaintiff, *Town,* who brings it here for review. The opinion states the case.

*W. W. Black,* and *Wm. Dill,* for plaintiff in error.

*H. T. Green,* and *W. Green,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced before a justice of the peace, in the name of Annie Town against H. T. Green and Michael Stanton, to recover $50 from the defendants for alleged damage done to a house and lot in the city of Leavenworth. The defendants moved to dismiss the action, on the ground "that Mark Walsh had no authority to bring said suit." This motion was continued from time to

time for several weeks, for the purpose of enabling the supposed plaintiff, or anyone in her name, to show that Mark Walsh did have authority to bring the action. On the final hearing of this motion, the justice of the peace dismissed the action without prejudice, at the plaintiff's costs.

The action was dismissed upon the theory that Annie Town never commenced the action, but that Mark Walsh commenced the same in her name, without any authority from her. The justice of the peace committed error either in dismissing the action or in taxing the costs to the plaintiff; for if the plaintiff was properly in court, by authority given to Mark Walsh, or otherwise, then the justice erred in dismissing the action; but if Annie Town was not in court, then the justice erred in taxing the costs to her. No judgment or order can be made against any person unless he is actually or constructively in court, and has an opportunity to defend and protect his rights. Upon the facts of this case, it is somewhat doubtful whether Annie Town was in court, or not. The motion was heard and decided upon the theory that it was Mark Walsh who commenced the action, or at least that the action was commenced by and under his authority alone; and the real question for the justice to determine was, whether Mark Walsh had authority from Annie Town to commence the action, or not.

It would seem from the evidence introduced, that Mark Walsh is the father of Annie Town; that she resides in the territory of Montana, and that he resides in the city of Leavenworth; and that he had no authority from her to commence the action, unless it was by letter. He claimed on the hearing of the motion that he had authority from her by letter, and not otherwise, to bring the action, but he was unable to produce any letter or to produce any writing from her giving him authority either to commence the action, or to prosecute or maintain the action after it was brought; and there is nothing in the case showing that she gave anyone else any authority to bring or maintain the action. After the justice dismissed the action, the plaintiff took the case to the district court on petition in error, where the decision of the justice of

the peace was affirmed; and the plaintiff, as plaintiff in error, now brings the case to this court.

It seems to be admitted that it is Annie Town, and not Mark Walsh, who took the case to the district court; and it seems also to be admitted that it is Annie Town, and not Mark Walsh, who has brought the case to this court. We must therefore assume that Annie Town has conducted the case ever since it was dismissed by the justice of the peace; but under the evidence introduced before the justice of the peace on the motion to dismiss the action, we cannot say that she brought the action in the justice's court, or that it was brought or prosecuted in that court by any authority from her; and for that reason the order of the justice of the peace dismissing the action must be affirmed, but the order of the justice of the peace taxing the costs to Annie Town must be reversed; and for this reason the judgment of the district court, which wholly affirmed the proceedings of the justice of the peace, must also be reversed.

All the Justices concurring.